**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REXFORD J. ROTHERY, | No.   15-15775 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02489-ESW |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Eileen S. Willett, Magistrate Judge, Presiding

Submitted March 16, 2017[**]
San Francisco, California

Before:  TALLMAN and WATFORD, Circuit Judges, and GUIROLA,[***] Chief District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Louis Guirola, Jr., Chief United States District Judge for the Southern District of Mississippi, sitting by designation.

**1.** Substantial evidence supports the administrative law judge's finding that Rexford Rothery's testimony was not credible. Rothery admitted that he was working as a swimming pool cleaner during the period in which he claimed to be disabled; that he failed to report his income to tax authorities; and that he repeatedly drove using a suspended driver's license. The ALJ properly considered these facts as evidence undermining Rothery's general reputation for truthfulness. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In addition, inconsistencies between Rothery's statements and other evidence in the record suggested that Rothery was exaggerating his symptoms. For example, the U.S. Office of the Inspector General's Cooperative Disability Investigations Unit found that Rothery shopped more frequently than he reported in his disability application and that his observed demeanor was inconsistent with someone suffering from Rothery's claimed symptoms. Finally, Dr. Worsley, an examining psychiatrist, opined that Rothery's symptoms were not as severe as he alleged. The ALJ properly considered all of this evidence in making an adverse credibility determination. *See* 20 C.F.R. § 404.1529(c)(4).

**2.** Substantial evidence also supports the ALJ's decision to assign little weight to the medical opinion of Dr. Gilbert, Rothery's treating psychiatrist. As indicated above, the ALJ properly determined that Rothery's self-reported

symptoms were not credible; by extension, his decision to give little weight to Dr. Gilbert's opinion because it relied on Rothery's self-reported symptoms was not improper. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In addition, as noted by the ALJ, Rothery's continued employment during the claimed disability period indicates that he had sufficient functioning for employment during that time frame. These were sufficiently specific and legitimate reasons for assigning little weight to Dr. Gilbert's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

**AFFIRMED.**